WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory F Osterloh, | No. CV-16-08117-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the Government's motion to dismiss this case because Plaintiff did not timely file a notice of appeal. Doc. 10. Specifically, the Government argues that Plaintiff's appeal is 7 days late. Doc. 10 at 2. Plaintiff concedes that his appeal is untimely, but asks the Court to allow it anyway. The Government did not reply to Plaintiff's response.

In its motion, the Government notes that late notices of appeal are subject to equitable tolling. Specifically,

> If the Commissioner does not waive the statute of limitations, a federal court may equitably toll the limitations period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (citation omitted). Equitable tolling of this statute of limitations should not apply unless there is wrongful conduct by a defendant or circumstances beyond a claimant's control that make it impossible to timely file. *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

Doc. 10 at 4.

In his response to the Government's motion to dismiss, Plaintiff claims he counted business days, not calendar days, and that is why his appeal is late. Doc. 11. Such a mistake does not meet the test to qualify for equitable tolling.

Plaintiff also filed a supplemental response in which he claims he has mental problems. Doc. 12. Specifically, Plaintiff alleges, "I suffer from Schizophrenia which affects my daily life and there are time[s] which escape me and times that are lost." Doc. 12.

Generally, unsubstantiated claims of mental impairment do not qualify for equitable tolling. However, with its motion to dismiss, the Government attached a copy of the ALJ's decision in this case. In that decision, the ALJ recounts that Plaintiff has some history of mental illness although the ALJ concludes that such condition is not disabling. Doc. 10-1 at 14. Because there is some basis in the record to support Plaintiff's claim of psychiatric treatment, the Court will liberally construe "circumstances beyond claimant's control" and grant equitable tolling.

Accordingly,

**IT IS ORDERED** that the Government's motion to dismiss (Doc. 10) is denied.

**IT IS FURTHER ORDERED** that the Government shall file the answer within 60 days of the date of this Order.

**IT IS FURTHER ORDERED** that once the Government files the answer, all other deadlines shall follow the scheduling order (Doc. 4).

Dated this 30th day of January, 2017.

James A. Teilborg
Senior United States District Judge