WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory F Osterloh,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-16-08117-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's appeal of the denial of his social security disability benefits.

**I.    Review of Administrative Law Judge's Decision**

The Administrative Law Judge's ("ALJ") decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). "Substantial evidence" means more than a mere scintilla, but less than a preponderance. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). In determining whether there is substantial evidence to support a decision, the Court considers the record as a whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720. "Where evidence is

susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted); *see Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see also Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence supports the ALJ's decision, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g) (2012). On the other hand, the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation and citation omitted).

Finally, the Court is not charged with reviewing the evidence and making its own judgment as to whether Plaintiff is or is not disabled. Rather, the Court's inquiry is constrained to the reasons asserted by the ALJ and the evidence relied on in support of those reasons. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

**II.     Claims of Error on Appeal**

Although Plaintiff purports to have four claims of error on appeal, within his brief he raises various sub-arguments. The Court has attempted to discern the exact claims Plaintiff is bringing and the headings below reflect what the Court believes to be the claims.

**A.     Plaintiff's Treatment Records**

Plaintiff claims the ALJ erred in "finding that Plaintiff's psychological treatment was inadequate in light of the severity of his condition." (Doc. 20 at 3). However, the ALJ did not make this finding. Instead, the ALJ found, "The claimant has not generally

received the type of psychiatric treatment one would expect if the limitations imposed by the claimant's impairments were as broad and limiting as the claimant alleges." (Doc. 15-3 at 28).[1]

Thus, the ALJ was not making a medical determination that the Plaintiff had inadequate treatment. Instead, the ALJ found that Plaintiff's claimed symptoms were inconsistent with Plaintiff's known treatment history; thereby calling into question the veracity of Plaintiff's symptom testimony.[2] Failing to seek treatment is a valid reason to discredit Plaintiff's symptom testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Accordingly, the Court finds no error regarding the ALJ's observations about Plaintiff's treatment history.

### B. Thoroughness of the ALJ's Decision

Plaintiff claims the ALJ's decision was inadequate because it was boilerplate and arbitrary. (Doc. 20 at 3). More specifically, Plaintiff complains that the ALJ did not adequately explain why Plaintiff's routine and conservative treatment since October of 2012 for his claimed psychological disorders diminished Plaintiff's credibility. However, in the decision, the ALJ spent an entire paragraph discussing why Plaintiff's treatment history was inconsistent with the severity of the disability he claims to have. (Doc. 15-3 at 28). This paragraph was specific to Plaintiff's personal medical history. (*Id*.). The Court finds no error regarding the thoroughness of the ALJ's discussion of Plaintiff's treatment history.

---

[1] The page numbers used are the numbers from this Court's record.

[2] In his reply, Plaintiff argues that the medications he was taking were very strong, which Plaintiff argues shows significant treatment. However, to support that these medications were in fact strong, Plaintiff cites this Court to a variety of internet medical sources such as everydayhealth.com, healthline.com, and news-medical.net. (Doc. 25 at 4). From a medical perspective, the Court is unclear about the reliability of these sources. Regardless, however, this Court is not in a position, procedurally, to reevaluate the medical evidence of record against new medical sources. *See Matney,* 981 F.2d at 1019. Accordingly, the Court will not reweigh the evidence.

### C. Whether the ALJ Correctly Considered Plaintiff's Off-Task Time

Plaintiff does not dispute the ALJ's calculation regarding the amount of time Plaintiff would miss from work. However, Plaintiff argues that using the limitations the ALJ found regarding Plaintiff's focus at work, Plaintiff would not be employable. (Doc. 20 at 4-5).

Based on the limitations the ALJ found regarding Plaintiff's focus, to which Plaintiff does not object on appeal, the ALJ asked a vocational expert whether there were jobs in the national economy that Plaintiff could perform. (Doc. 15-3 at 31-32). The vocational expert testified that there were several jobs Plaintiff could perform. (*Id.*). The Court finds the ALJ did not err in relying on the testimony of the vocational expert, who properly considered Plaintiff's limitations. *See generally Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (the agency can show that work exists in the national economy for a particular claimant by taking the testimony of a vocational expert); *Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001) (holding it was appropriate for the ALJ to rely on the vocational expert's testimony).

### D. The ALJ's Consideration of Plaintiff's Mental RFC Assessment

Plaintiff argues the ALJ erred by only discussing some, but not all of Plaintiff's Mental Residual Functional Capacity ("RFC") assessment. (Doc. 20 at 5). Specifically, Plaintiff argues that it was error for the ALJ to acknowledge Plaintiff would be off-task 5% of the time and miss two days of work per month, but only make, "passing mention of the limitations in the Mental RCF Assessment, and [fail] to address the majority of the moderate limitations in the Assessment…." (Doc. 20 at 5).

First, the Court notes that Plaintiff acknowledges that the ALJ considered and discussed the Mental RCF assessment. Thus, it is clear the ALJ did not ignore this evidence. Second, Plaintiff cites nothing that requires the ALJ to mention every line of every piece of evidence to avoid error. Accordingly, because the ALJ clearly considered this evidence, and incorporated certain limitations consistent with this evidence, the Court finds the ALJ did not commit error with respect to his consideration of the Mental

RFC assessment.

### E. The ALJ's Consideration of Plaintiff's GAF Scores

Plaintiff argues that the ALJ did not give enough weight to his GAF scores. (Doc. 20 at 6). First, the Court notes, and Plaintiff acknowledges, that the ALJ was aware of the GAF scores and specifically mentioned the GAF scores (albeit giving them little weight). (Doc. 20 at 6).

Second, Plaintiff cites no law that requires the ALJ to give a specific amount of weight to these score, or requires the ALJ to give a detailed explanation for not giving high weight to this evidence. Instead, Plaintiff appears to seek to have this Court consider the GAF scores, give them high weight, and reverse on this basis. However, as discussed above, it is not this Court's function to weigh the evidence, and this Court cannot substitute its judgment for the judgment of the ALJ. *Matney*, 981 F.2d at 1019.

Moreover, Defendant cites case law finding that GAF scores are not binding on the ALJ. (Doc. 24 at 8 (citing *McFarland v. Astrue*, 288 Fed. Appx 357, 359 (9th Cir. 2008) (citing 65 Fed. Reg. 50746, 50764-50765) (Aug. 21, 2000)). Accordingly, the Court finds that the ALJ did not err in his consideration of the GAF scores, and the Court will not reverse on this basis.

### F. The ALJ's Consideration of Plaintiff's Methamphetamine Use

Plaintiff argues the ALJ gave too much consideration to Plaintiff's use of methamphetamines. (Doc. 20 at 7). However, this Court has reviewed the record and finds the ALJ did not base his decision on Plaintiff's use of methamphetamines and benzodiazepines. (Doc. 15-3 at 29). Instead, the ALJ noted that Plaintiff gave inconsistent statements to variously treatment providers about his drug use. (*Id.*). The ALJ then found that Plaintiff's inconsistent statements to his treatment providers were a further basis to not credit Plaintiff's statements about the severity of his symptoms. (*Id.*).

The Court finds it was not error for the ALJ to consider inconsistencies in Plaintiff's own statements regarding information relevant to his condition as evidence that he was not credible. *See generally Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir.

2002) (discounting the claimant's credibility because she presented conflicting information about her drug and alcohol use). Thus, the Court will not reverse on this basis.

### G. The Doctors' Failure to Consider Plaintiff's Familial History

Plaintiff argues that his mental health records do not show any effort by Plaintiff's doctors to explore or mitigate the abuse Plaintiff allegedly suffered from his father. (Doc. 20 at 7). This argument appears to be a criticism of Plaintiff's doctors rather than a claim of error directed at the ALJ's decision. The Court will not reverse the ALJ for failing to consider a further potential factual basis for Plaintiff's condition that was not in the record, nor treated (per Plaintiff) by Plaintiff's doctors.

### H. Plaintiff's Daily Activities

Plaintiff argues that it was error for the ALJ to consider Plaintiff's daily activities in the decision to deny benefits. (Doc. 20 at 7-8). The ALJ considered Plaintiff's daily activities in two contexts.

First, the ALJ found that the breadth and complexity of Plaintiff's daily activities undermined the credibility of Plaintiff's allegations of disabling limitations. (Doc. 51-3 at 27-28). The Court of Appeals has held that in making a credibility determination regarding a plaintiff in the social security context it is appropriate for the ALJ to consider the plaintiff's daily activities (among other considerations). *Tommasetti*, 533 F.3d at 1039. Thus, this Court finds no error in the ALJ considering Plaintiff's daily activities as part of his credibility determination.

Second, the ALJ noted that, "some of the physical and mental abilities and social interactions required to perform these activities are the same as those necessary for obtaining and maintaining employment." (Doc. 15 at 27). As the ALJ noted, Plaintiff, "maintain[s his] grooming and hygiene, prepare[s] meals, perform[s] light housework, watch[s] television, shop[s] for groceries, attend[s] bible study, attend[s] group therapy, feed[s] the homeless, cook[s], perform[s] household chores, and attend[s] church regularly." (Doc. 15-3 at 27).

Plaintiff argues that the ALJ erred in relying on these daily activities as evidence he could work because some of them do not require much effort and some Plaintiff performed with difficulty. (Doc. 20 at 7). However, the Court finds the ALJ correctly summarized the evidence of record, and there was no error on this point. Further, Plaintiff argues that he was only feeding the homeless because a shelter required it as a condition of being permitted to stay there. (Doc. 20 at 8). While this argument shows Plaintiff was not feeding the homeless as an act of goodwill, but instead in exchange for a benefit, this is how most work is performed. In other words, most employees do not work as an act of goodwill towards their employer, but instead in exchange for a benefit or compensation. Thus, the ALJ did not err in considering Plaintiff's ability to perform this task in exchange for a benefit as evidence of an ability that was similar to those needed for obtaining and maintaining employment.

## III. New Evidence

Plaintiff argues that if this Court is going to affirm the decision of the ALJ, the Court should instead remand for the ALJ to consider new evidence.[3] (Doc. 20 at 8-9). The Government responds and notes that of the four records Plaintiff seeks to have the ALJ consider, two records are from outside the time frame of the ALJ's decision, and one was before the ALJ at the time of his decision. (Doc. 24 at 10). In his reply, Plaintiff does not dispute this. (Doc. 25 at 1-2). As to the one remaining record, Defendant argues it is not material because it does not provide any additional evidence regarding Plaintiff's limitations. (Doc. 24 at 11) In his reply, Plaintiff does not dispute this. (Doc. 25 at 1-2).

---

[3] Although Plaintiff cites no law in support of this argument (Doc. 20 at 8-9), Defendant sets forth the legal test for remand. Specifically,
> On judicial review, a court may remand a matter to the agency for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g), but only where such evidence is material and the claimant establishes good cause for failing to submit it during administrative proceedings. 42 U.S.C. § 405(g); *Orteza v. Shalala*, 50 F.3d 748, 751 (9th Cir. 1994)....Evidence is material if it bears "directly and substantially on the matter in dispute." *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984).

(Doc. 24 at 10-11).

1  Plaintiff's only argument for remand in his reply is that the two records from outside the time frame under consideration by the ALJ could impact the ALJ's consideration of Plaintiff's back condition. (Doc. 25 at 1). Specifically, Plaintiff claims these records show Plaintiff's back surgery was not successful. (*Id*.). In the decision, the ALJ stated, "[Plaintiff] stated that he has back pain for which he underwent a back surgery. [Plaintiff] noted, however, that he continues to have pain, but in different areas, including low back and hips, and that the pain radiates to his foot." (Doc. 15-3 at 25). On this record, the Court agrees with Defendant that the new evidence is not material because the ALJ did not find Plaintiff was cured by the back surgery; thus, the new evidence from outside the relevant time frame does not change the evidence that was before the ALJ. Accordingly, the Court will not remand for the ALJ to consider this additional evidence.

**IV. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the decision of the Administrative Law Judge is affirmed and the Clerk of the Court shall enter judgment accordingly.

Dated this 29th day of January, 2018.

_____
James A. Teilborg
Senior United States District Judge